SHAWN MARK ANDERSON AND ALLEGRA
WILSON ANDERSON

VERSUS

U.S. BANK NATIONAL ASSOCIATION,
THROUGH ITS PARENT U.S. BANKCORP

NO. 24-C-452

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 75,720, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

January 17, 2025

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Timothy S. Marcel

**WRIT GRANTED; RULINGS VACATED; REMANDED WITH
INSTRUCTIONS**
    **JGG**
    **MEJ**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
SHAWN MARK ANDERSON AND ALLEGRA WILSON ANDERSON
   Marc R. Michaud

COUNSEL FOR DEFENDANT/RELATOR,
USAA FEDERAL SAVINGS BANK
   Katie L. Dysart
   Camalla M. Kimbrough
   Carli M. Worsham

**GRAVOIS, J.**

Relator/defendant, USAA Federal Savings Bank, seeks this Court's supervisory review of two trial court rulings, the first of which denied relator's Peremptory Exception of No Cause of Action as having been untimely filed, and the second of which denied relator's Motion to Strike Jury Demand also based on untimeliness. The writ application presents the issues as conflicts between provisions of the Louisiana Code of Civil Procedure and the trial court's Scheduling Order and Jury Order. For the following reasons, we find the trial court erred in denying both the Exception of No Cause of Action and the Motion to Strike Jury Demand as being late-filed and untimely. We accordingly vacate both rulings and remand the matter for further proceedings as described below.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs, Shawn and Allegra Anderson, sued defendant/relator, USAA Federal Savings Bank, for breach of contract and damages. In an amended petition, plaintiffs asserted claims that relator violated the Louisiana "Unfair Trade Practices and Consumer Protection Law," La. R.S. 51:1401, *et seq*. Trial was scheduled for August 26, 2024. A Scheduling Order dated January 17, 2024 was in place, stating that "[a]ny preliminary motions and exceptions shall be filed with the court no later than 45 days prior to Trial."

On August 22, 2024, four days before the scheduled trial, USAA filed a Motion to Strike Jury Demand, asserting that plaintiffs had failed to timely pay the *full cash deposit* for the jury in accordance with the trial court's January 17, 2024 Scheduling Order and January 23, 2024 Jury Order,[1] and La. C.C.P. art. 1734.1.[2]

---

[1] The trial court's Scheduling Order indicates the estimated length of trial as being 3 days. The Jury Order required a cash deposit of $5,000 for the first day of trial and $1,000 for each additional day of trial, to be deposited "no later than sixty days after filing the request for a trial by jury." Relator's Motion to Strike Jury Demand alleges that plaintiffs made a cash deposit of $6,000, whereas a cash deposit of $7,000 was required by the Jury Order.

[2] La. C.C.P. art. 1734.1(A) provides, in pertinent part:

In open court on August 26, 2024, the trial court denied the Motion to Strike Jury Demand as having been untimely filed under its Scheduling Order.

Additionally, on the morning of trial, relator filed a Peremptory Exception of No Cause of Action relative to plaintiffs' Unfair Trade Practices and Consumer Protection Law claims. The trial court also denied the Exception of No Cause of Action as having been untimely filed under its Scheduling Order.[3]

After denying the Motion to Strike Jury Demand and the Exception of No Cause of Action, the trial court ultimately stayed the trial to allow relator the opportunity to file this writ application. This timely writ application followed.

## ANALYSIS

### *Exception of No Cause of Action*

La. C.C.P. art. 928 states, in pertinent part: "The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision … ." In *Darnell v. Louisiana Health Serv. & Indem. Co.*, 17-569 (La. App. 5 Cir. 10/31/18), 259 So.3d 503, 507-08, this Court faced the identical issue and found "the trial court erred in overruling the peremptory exception on the basis that it was filed after the deadline had passed for filing dispositive motions, as it could have been pleaded at any stage prior to submission of the case." A trial court's pre-trial order cannot conflict with a legislative act such as the Louisiana Code of Civil Procedure. *See Marmer v. Queen of New Orleans at the Hilton*, 00-1598 (La. App. 4 Cir. 5/16/01), 787 So.2d 1115, 1118.

Upon review, under the circumstances presented, we conclude that the trial court erred in finding that the Exception of No Cause of Action was untimely filed,

---

A. When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which shall be a specific amount estimated by the court, and the court shall fix the time for making the deposit, which shall be no later than thirty days prior to trial. … If the deposit is not timely made, any other party shall have an additional ten days to make the required deposit. Failure to post the deposit shall constitute a waiver of a trial by jury. …

[3] The trial court's rulings were memorialized in an Order signed on August 30, 2024.

as La. C.C.P. art. 928 takes precedence over the trial court's Scheduling Order. *See Marmer*, *supra*. We thus vacate the trial court's ruling which denied the Exception of No Cause of Action and remand the matter for the trial court to conduct a hearing on the merits of the Exception of No Cause of Action.

### *Motion to Strike Jury Demand*

Likewise, the Motion to Strike Jury Demand was also denied as having been untimely filed under the trial court's Scheduling Order. The Jury Order required a jury deposit of $7,000 for a three-day jury trial. The writ application indicates that plaintiffs originally made a jury deposit of only $6,000, because plaintiffs assumed that the jury trial would last only two days. After the Motion to Strike Jury Demand was filed (and only one day prior to trial), plaintiffs paid the additional $1,000 jury deposit for a three-day jury trial. Relator argues that it could not have filed its Motion to Strike Jury Demand "no later than 45 days prior to Trial," the deadline established by the Scheduling Order, because La. C.C.P. art. 1734.1 authorizes the full jury deposit to be made "no later than thirty days prior to trial" and proscribes that "[f]ailure to post the deposit shall constitute a waiver of trial by jury." Here, plaintiffs did not post the full jury deposit until after the Motion to Strike Jury Demand was filed. Thus, relator argues, its Motion to Strike Jury Demand was timely filed under La. C.C.P. art. 1734.1, regardless of the deadline to file preliminary motions established in the trial court's Scheduling Order. Relator argues that Article 1734.1 controls, rather than the trial court's Scheduling Order.

Upon review, under the circumstances presented, we conclude that the trial court also erred in finding that the Motion to Strike Jury Demand was untimely filed, as Article 1734.1 takes precedence over the trial court's Scheduling Order. *See Marmer*, *supra*. We thus also vacate this ruling and remand the matter for the trial court to conduct a hearing on the merits of the Motion to Strike Jury Demand.

## DECREE

For the foregoing reasons, the writ application is granted. The rulings on the Exception of No Cause of Action and the Motion to Strike Jury Demand are vacated. The matter is remanded for further proceedings consistent with this disposition.

**WRIT GRANTED; RULINGS VACATED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 17, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-C-452

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
MARC R. MICHAUD (RESPONDENT)          CAMALLA M. KIMBROUGH (RELATOR)          CARLI M. WORSHAM (RELATOR)
KATIE L. DYSART (RELATOR)

**MAILED**
NO ATTORNEYS WERE MAILED